**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

ROY STAFFORD                                                                PLAINTIFF

v.                                                                     No. 4:09CV133-P-D

LAWRENCE KELLY, ET AL.                                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the motion by *pro se* prisoner Roy Stafford for preliminary injunction. Stafford is currently housed at the Mississippi Department of Corrections. He suffers from a form of muscular dystrophy and alleges that his affliction makes it difficult for him to brush his teeth. He claims that a neurologist outside the Mississippi Department of Corrections prescribed a electric toothbrush as a mechanical aid. Prison officials have not permitted him to obtain an electric toothbrush for use in the prison. He seeks a preliminary injunction requiring the defendants to provide him with an electric toothbrush. For the reasons set forth below, the instant motion for a preliminary injunction will be dismissed.

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). A preliminary injunction is an extraordinary remedy, *Cherokee Pump*, 38 F.3d at 249, "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997

(5th Cir. 1985)).

The plaintiff is unable to demonstrate a substantial likelihood of success on the merits on this issue. He argues that using a manual toothbrush is difficult for him, causes him pain, muscle cramps spasms, and could – over time – cause tooth decay. First, this claim has a low likelihood of success on the merits. Lack of an electric toothbrush does not appear to be a tremendous hardship, even though the plaintiff suffers from a disability. Although he may find it difficult, the plaintiff concedes that he can brush his teeth with his current toothbrush. Second, there is little threat of irreparable harm should the court deny the injunction. Tooth decay generally occurs slowly, over a period of months or years, easily within the time period during which these issues can be resolved as this case progresses. As such, the plaintiff does not meet the second criteria for obtaining a preliminary injunction. As the plaintiff's motion fails on two of the four criteria to secure a preliminary injunction, it must be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 26th day of February, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE