UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROY STAFFORD                                                                                    PLAINTIFF

V.                                                               CIVIL ACTION NO.4:09CV133-WAP-JAD

LAWRENCE KELLY, et al.                                                           DEFENDANTS

REPORT AND RECOMMENDATION

On April 29, 2010, plaintiff, appeared before the court, via video conference, for a hearing

pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a

justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Stafford claims that the defendants Dr. Gloria Perry and Dr. James Burke failed to provide

him with an electric toothbrush as prescribed for him by his neurologist who has been treating him

for a particular type muscular dystrophy.  He has also named Lawrence Kelly, the superintendent

over Parchman penitentiary, Emmett L. Sparkman, the deputy commissioner of the Mississippi

Department of Corrections and David Petrie the legal claims adjudicator for MDOC, as defendants.

The plaintiff seeks to hold Kelly and Sparkman liable by virtue of their management positions within

the corrections system and alleges that Kelly, Sparkman and Petrie are all liable for failure to timely

process and appropriately respond to his grievances under MDOC's ARP program.  In a § 1983

action the employers and supervisors cannot be held liable for the actions of prison employees under

a respondeat superior theory of liability.  *Monell v. Department of Social Services*, 436 U.S. 658,

98 S.Ct. 2018, 56 L.Ed. 611 (1978).  Additionally, the plaintiff has no claim or cause of action

against any of the defendants because of the handling of his complaints in the Administrative

Remedies Program.  *Bradford v. Kuykendall*, 2005 WL 1521016, 5 (E. D. Tex.) citing G*eiger v.

Gowers,* 404 F. 3d 371, 374 (5th Cir. 2005) ("Congress requires inmates to exhaust their

'administrative remedies as are available...' " 42 U.S.C. § 1997e(a), but a prison system is not required to establish grievance procedures, and inmates do not have a basis for a lawsuit because a prison system has no established grievance procedures or fails to adhere to it. 42 U.S.C. § 1997e(b)).

Accordingly it is recommended that the defendants Kelly, Sparkman and Petrie be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 29th day of April, 2010.

/s/ Jerry A. Davis
U. S. MAGISTRATE JUDGE

2