# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ROY STAFFORD                                                                    **PLAINTIFF**

V.                                                    **CIVIL ACTION NO.4:09CV133-WAP-JAD**

LAWRENCE KELLY, et al.                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

Dr. James Burke and Dr. Gloria Perry the remaining defendants in this § 1983 action have each filed motions for summary judgment [64 and 68]. The plaintiff has filed his response to one of the motions. Perry is the chief medical officer with the Mississippi Department of Corrections. Burke was a physician at the Mississippi State Penitentiary at Parchman employed by the company that provides medical services to MDOC inmates.

The plaintiff was been seen by a private neurologist because he suffers from a form of muscular dystrophy. In 2009 this physician prescribed the use of a mechanical toothbrush. Stafford has not been provided with this toothbrush because of security regulations and concerns. Additionally Dr. Burke opines that the failure to have this toothbrush is not detrimental to Stafford's health. The plaintiff contends that it is difficult and painful for him to use a regular toothbrush and that in failing to fill this prescription the defendants have deprived him of medical care and have been deliberately indifferent to his serious medical needs.

### SUMMARY JUDGEMENT STANDARDS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.

P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In reviewing the evidence, this court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In so doing, the court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151.

### RECORD AND ANALYSIS

According to both sides of this litigation, Roy Stafford suffers from muscular dystrophy. His disease is incurable, progressively debilitating and frequently painful. There is no dispute that an outside neurologist in 2009 recommended that this inmate be provided with a mechanical toothbrush. Stafford claims that using a regular toothbrush can trigger the painful muscle spasms that are a part of his disease. He claims in his response,[1] that the failure to provide the toothbrush violates his constitutional rights.

Arrangements were made by Dr. Perry for Stafford to be seen by an outside neurologist. This neurologist prescribed the mechanical toothbrush and Neurotin, a powerful painkiller. In keeping with normal procedures, Dr. Burke examined Stafford upon his return to the prison and took

---

[1] Stafford has not filed a response to Perry's motion but his response addresses his claims against Perry as well as Burke. The plaintiff made a statement in his motion for contempt claiming to have not received Perry's motion, contrary to the certificate of service showing that it was mailed to him. He did not ask for any relief in that regard but rather proclaimed on his own authority that he was not required to respond until such time as he was served with the motion. His response has been considered as a response to both motions. Under the facts of this case, the determination of Burke's motion necessarily dictates disposition of the case against Perry.

2

possession of the prescriptions. The prescription for Neurotin was filled. Dr. Burke however advised the plaintiff that he did not believe the toothbrush would be approved for him. Dr. Burke's affidavit asserts without contradiction that he had no authority on his own to provide Stafford with the mechanical toothbrush. Burke stated his medical opinion that the plaintiff was capable of brushing his teeth without the use of the mechanical toothbrush. His affidavit further states that he was advised that a mechanical toothbrush would not be allowed because of security issues by both Perry and Lawrence Kelly, then the Superintendent at the Mississippi State Penitentiary.

Dr. Perry's affidavit sets forth her expert opinion that Stafford has been provided with appropriate medical care for his muscular dystrophy. She reiterates that he was not allowed the mechanical brush because of the security risks posed. Perry was not personally involved in Stafford's care but Stafford seeks to hold her responsible for the failure to provide this item as the Chief Medical Officer.

In response Stafford claims that Burke told him that he would have a difficult time getting medications not on Wexford's formulary list, but fails to point to any medication recommended that was not provided to him. He provides no proof that the medications on the formulary list were not medically reasonable alternatives, much less that the list and Burke's adherence to it reflects deliberate indifference. The only thing medically recommended but not provided was the mechanical toothbrush. Stafford disagrees with the care given him and voices his opinion that the care provided by Burke is not up to the standard of care required for the treatment of free world patients. He fails to produce a supporting expert affidavit on this point. He asserts that the reasonable thing to do would have been to turn over his care to the Mississippi Muscular Dystrophy

Clinic in Jackson, Mississippi or to have allowed the toothbrush to be stored at the nurse's station when he was not using it.

Stafford's protection against the arbitrary denial of medical care derives from the Eighth Amendment prohibition against cruel and unusual punishment. But while the state has "an obligation to provide medical care for those whom it is punishing by incarceration," *Estelle v. Gamble*, 429 U.S. 97 (1976), it is not liable for simple carelessness, inadvertent failure to provide appropriate medical care, nor even a deliberate failure to conform to a standard suggested by experts. *Id*. at 105-109. Prisoners may recover only for violation of their constitutional rights. "The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves, nor the therapy that Medicare and Medicaid provides for the aged or the needy." *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982). The Constitution only prohibits "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 105-06. Only this level of indifference can amount to "unnecessary and wanton infliction of pain." *Id.* at 105, (quoting *Gregg v. Georgia*, 428 U.S. 153, 182-183 (1976)). "It is only such indifference that can offend 'the evolving standards of decency' in violation of the Eighth Amendment." *Estelle,* 429 U.S. at 106. Moreover, the incarcerated have no right to the "best" medical treatment available, *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978), nor do the imprisoned have a right to medical treatment on demand.

The plaintiff's response largely argues not deliberate indifference but medical neglect. Even if Stafford had made a prima facie showing of medical negligence, the defendants would still be entitled to summary judgment. While inadequate medical treatment may past a certain point, rise to the level of a constitutional violation, mere malpractice or negligent care does not demonstrate

4

any such violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir.1993); *Harris v Maxwell,* 2007 WL 1031391 at *3 (N.D. March 30, 2007). Stafford does not produce evidence to support even a finding of medical negligence much less the much higher deliberate indifference standard. His opinion that his medical care has been substandard is not admissible to establish any breach of the standard of care by these physicians. Likewise the fact that an inmate may disagree with the medical treatment provided to him does not establish a constitutional claim. *Martinez v. Turner,* 977 F.2d 421, 423 (8th Cir. 1992); *Holder v. Epps*, 2006 WL 1547359 at *2 (S.D. Miss. June 5, 2006). The fact that Stafford is not receiving the care he desires does nothing to establish any liability in the defendants. A prisoner is not entitled to medical treatment of his choosing simply upon request, nor does he have a constitutional entitlement to the best care available. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). *Mendoza*, 989 F.2nd at 193 (5th Cir. 1993); *Harris,* 2007 WL 1031391 at *2 . The fact that one doctor recommended a particular course of treatment and that the treatment was not provided is no evidence of deliberate indifference. It merely shows that there was a difference of opinions between doctors. *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *Clifford v. Doe*, 2008 WL 5210663 at *1 (5th Cir. Dec. 15, 2008) (per curiam); *Flores v. Okoye*, 196 Fed. Appx 235 at *236 (5th Cir. July 18, 2006).

Stafford appears to be seeking to impose liability on Dr. Perry in her role as the chief medical officer with the Mississippi Department of Corrections because she has overall responsibility and oversight of the medical care provided within the prisons. Under § 1983 law there is no supervisory or respondeat superior liability. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Individual liability in § 1983 actions is founded upon personal responsibility and personal

culpability only. *Gore v. Lowndes County*, 2007 WL 1106141 at *2 (N.D. Miss. April 10, 2007); *Vance v. Benford*, 2007 WL 571109 (N.D. Miss. Feb 20, 2007).

Additionally because this recommended treatment was not provided as a matter of institutional security, the courts have limited their review and oversight on such issues. It is well-settled that the courts, unless presented with patently unreasonable conduct, are reluctant to interfere with the day-to-day operations of a prison. *Bell v. Wolfish*, 441 U.S. 520 (1979). A prison's internal security is peculiarly a matter normally left to the discretion of prison administrators. *Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981). Moreover, "prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (quoting *Bell v. Wolfish*, 441 U.S. at 547). Nor are prison authorities required, as Stafford suggests, to quote chapter and verse from a written policy in order to have those decisions respected and upheld by the courts. No written policy can possibly deal with every aspect of the complex security problems faced by the administrators of correctional facilities.

While a mechanical toothbrush may seem to a layman to be a benign instrument, the court is aware of the ingenuity exhibited by inmates in turning seemingly innocuous items into deadly weapons. Likewise the decision not to allow for the more limited access Stafford suggests is also a security decision best left to the professionals charged with the administration of prisons. The recognition of security risks and implementation of policy to insure the internal security of the prisons must be acknowledged for what they plainly are–matters of life and death. Stafford being deprived of the toothbrush is clearly not a matter of life and death. He can admittedly use a normal toothbrush and medications are available to him to deal with any of the pain which he claims results

from the use of a normal toothbrush. The decision to deny him this device as a matter of security policy does not amount to deliberate indifference nor is it a patently unreasonable decision.

Stafford also complains that these doctors did not handle his grievance in accordance with MDOC policy.

> Congress requires inmates to exhaust their "administrative remedies as are available..." 42 U.S.C. § 1997e(a). A prison system is not required to establish grievance procedures, and inmates do not have a basis for a lawsuit because a prison system has no established grievance procedures or fails to adhere to it. 42 U.S.C. 1997e(b). The Fifth Circuit has made it clear that inmates do not have a basis for a meritorious civil rights lawsuit just because they are unhappy with grievance procedures." *Bradford v. Kuykendall*, 2005 WL 1521016, *5 (E. D. Tex.), citing G*eiger v. Gowers,* 404 F. 3d 371, 373-74 (5th Cir. 2005).

Even if Stafford could establish a violation of MDOC policy there is no basis for liability.

## CONCLUSION

Because Stafford has failed to present admissible proof that would support a jury's verdict on each element of his claim that he is required to prove, the undersigned recommends that the motions for summary judgment be granted and this action be dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date.

Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 3rd day of June, 2011.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE